**KRONENBERGER BURGOYNE, LLP**
Henry M. Burgoyne, III (admitted *pro hac vice*)
150 Post Street, Suite 520
San Francisco, CA 94108
Telephone: (415) 955-1155
Facsimile: (415) 955-1158
hank@KBInternetLaw.com

**GOOLD PATTERSON ALES & DAY**
Douglas L. Monson (SBN 7829)
4496 S. Pecos Rd.
Las Vegas, NV 89121
Telephone: (702) 436-2600
Facsimile: (702) 436-2650
dmonson@gooldpatterson.com

Attorneys for Plaintiff, Incorp Services, Inc.

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **INCORP SERVICES, INC.**, a Nevada corporation,<br><br>Plaintiff,<br><br>vs.<br><br>**THE BETTER BUSINESS BUREAU OF SOUTHERN NEVADA, INC.**, a Nevada Non-Profit Corporation, **COUNCIL OF BETTER BUSINESS BUREAUS, INC.**, a Delaware Non-Profit Corporation, **SYLVIA CAMPBELL**, an individual, and **DOES 1-10**, inclusive,<br><br>Defendants. | Case No. 2:10-cv-00656-PMP-LRL<br><br>**STIPULATED DISCOVERY PLAN AND [PROPOSED] ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Pursuant to the Federal Rule of Civil Procedure ("Rule") 26(f), and Local Rule for the Northern District of Nevada ("Local Rule") 26-1, Plaintiff Incorp Services, Inc. ("Plaintiff") and Defendants The Better Business Bureau of Southern Nevada, Inc., Council of Better Business Bureaus, Inc,, and Sylvia Campbell (collectively, "Defendants"), by and through their counsel of record, respectfully submit the following Joint Discovery Plan and Scheduling Order:

Pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 26-1(d), a 26(f) conference was conducted on July 30, 2010. All parties appeared by telephone. Jeffrey M. Rosenfeld attended on behalf of Plaintiff and Lucian Greco attended on behalf of Defendants.

A. **Rule 26(f) Requirements:**

    **1. Timing of Initial Disclosures under Fed. R. Civ. P. 26(a)**

        a. The parties agree that they will serve initial disclosures pursuant to Fed. R. Civ. P. 26(a) by August 23, 2010.

    **2. Subjects on Which Discovery May Be Needed**

        **a. Plaintiff anticipates conducting discovery on the following topics:**

            i. Defendants' organization, operation, and business model;

            ii. Defendants' purposes and functions;

            iii. Defendants' website(s), website administration, and persons responsible for creating and maintaining Defendants' websites;

            iv. The foundation for statements made on Defendants' websites and other promotional statements made by Defendants;

            v. Defendants' policies and procedures regarding membership;

            vi. Defendants' policies, procedure, evaluations, and communications regarding ratings;

            vii. Defendants' policies, procedures, evaluations, and communications regarding interactions with and evaluations of businesses;

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBinternetlaw.com

     viii. Defendants' financial compensation and financial statements;

     ix. Defendants' communications with Plaintiff;

     x. Defendants' evaluation and internal communications regarding Plaintiff;

     xi. Defendants' rating of Plaintiff;

     xii. Complaints about Defendants.

**b. Defendants anticipate conducting discovery on the following topics:**

     i. The nature and scope of Incorp's business;

     ii. Incorp's customers and/or vendors;

     iii. Incorp's financial condition

     iv. All aspects of Doug Ansell's relationship with Incorp;

     v. Documents indicating loss of business and/or revenue;

     vi. All communications between Plaintiff and Defendants;

     vii. All communications between Plaintiff and Third-Parties about Defendants;

     viii. Complaints filed against Incorp by any source, including but not limited to, complaints by consumers that may not have been filed with the BBB;

     ix. Prior lawsuits involving Incorp;

**c.** The parties agree that discovery should be completed according to the schedule set forth in Part B below.

**d.** The parties agree that this case is not appropriate for discovery to be conducted in phrases or limited to particular issues.

**e. Electronically Stored Information**

The parties intend to negotiate the most effective method for the production of Electronically Stored Information ("ESI") after they have evaluated the quantity and

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBinternetlaw.com

1  format of the relevant Electronically Stored documents. The parties anticipate that they
2  can agree on the form of production of ESI short of Court involvement.
3      **f. Claims of Privilege**
4          i. The BBB asserts that it is protected under a qualified privilege
5          extended to parties that provide information to the general public
6          and for the public interest.
7      **g. Changes Requested to Discovery Rules**
8          i. Other than as set forth in Section B *infra*, the parties do not
9          request any changes to the discovery rules at this time.
10     **h. Other Orders the Court Should Issue**
11         i. At this time, the parties do not request the Court to issue any
12         other orders under Fed. R. Civ. P. 26(c) or 16(b) or (c).
13 **B. <u>Local Rule 26-1(e) Requirements:</u>**
14     **1. Discovery Cut-Off Date**
15         a. Date the first defendant answered the complaint: June 18, 2010.
16         b. Discovery Cut-Off Date: June 17, 2011 (see Part B.7 *infra* for statement
17         of reasons).
18     **2. Amending The Pleadings and Adding Parties**
19         a. The date for filing motions to amend the pleadings or to add parties:
20         March 18, 2011.
21     **3. Fed. R. Civ. P. 26(a)(2) Disclosures (Experts)**
22         a. Expert disclosures: April 18, 2011.
23         b. Rebuttal expert disclosures: May 18, 2011.
24     **4. Dispositive Motions**
25         a. The last day for filing dispositive motions: July 18, 2011.
26     **5. Pretrial Order**
27         a. The last day for the parties to file a joint pretrial order: August 17, 2011.
28 //

KRONENBERGER BURGOYNE, LLP
150 Post Street, Suite 520
San Francisco, CA 94108
www.KBInternetlaw.com

**6. Fed. R. Civ. P. 26(a)(3) Disclosures**

    **a.** The disclosures required by Fed. R. Civ. P. 26(a)(3) any objections thereto shall be included in the pretrial order.

**7. Statement of Reasons for Special Scheduling Review**

Plaintiff anticipates that discovery on Defendants will result in the production of voluminous documents, and may necessitate several rounds of written discovery. In order to ensure that robust discovery is accomplished, Plaintiff believes that a 12-month discovery period is appropriate. Defendants do not oppose Plaintiff's request for a 12-month discovery period.

IT IS HEREBY STIPULATED.

Dated: August 2, 2010      KRONENBERGER BURGOYNE LLP

By: /s/Henry M. Burgoyne, III
    Henry M. Burgoyne, III

Attorneys for Plaintiff, Incorp Services, Inc.

BREMER WHYTE BROWN & OMEARA

DATED: August 2, 2010

By: [signature]
    Nelson Cohen

Attorneys for Defendants, The Better Business Bureau of Southern Nevada, Inc., Council of Better Business Bureaus, Inc., and Sylvia Campbell

IT IS SO ORDERED

this ____ day of _____, 2010.

_____
UNITED STATES DISTRICT COURT JUDGE

CASE NO. 2:10-cv-00656-PMP-LRL      4      STIPULATED DISCOVERY PLAN; [PROPOSED] ORDER